# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN GJUROVICH, et al, | CASE NO. 1:10-cv-01871-LJO-SMS |
| Plaintiffs, | |
| v. | ORDER DISMISSING CASE |
| STATE OF CALIFORNIA, et al, | |
| Defendants. | (Docs. 1 and 6) |

Plaintiffs Alan Gjurovich and Star: Hills [*sic*], proceeding *pro se* and *in forma pauperis*, bring an 88-page complaint alleging multiple causes of action, including civil rights claims under 42 U.S.C. § 1983, against ten named defendants and 99 John Doe defendants. Their claims arise from an ejectment action brought in California state court in November 2009 by Defendant GMAC Mortgage LLC ("GMAC").

## I.     Factual Background

Plaintiff Hills owned property at 3018 Linden Avenue, Bakersfield, California ("the property"). In 2007, Hills gave a deed of trust to GMAC or its predecessor to secure a mortgage loan of or about $222,000. *See Amended Findings of Fact and Conclusions of Law Re Motion of GMAC Mortgage for Relief from Stay*, U.S. Bankruptcy Court, E.D. California, October 5, 2010. Plaintiffs concede that, at some point, Hills stopped paying the mortgage. In November 2008, GMAC foreclosed on the property and perfected ownership. *Id.*

In the time between the foreclosure and this action, Plaintiffs filed multiple bankruptcy cases with the intent of preventing GMAC from obtaining possession of the property. *Id.* On

February 10, 2010, the U.S. Bankruptcy Court for the Eastern District of California barred Hills from filing any bankruptcy case for two years. *Id.*

On March 17, 2009, GMAC served a three-day notice to quit on Hills and all others in possession of the property. *Id.* Plaintiffs did not vacate the property. Accordingly, GMAC initiated an unlawful detainer action against Hills and twenty John -Doe defendants. *Id.* In October 2009, Hills attempted to convey one-half of her interest in the property to Gjurovich by quit claim deed. *Id.* On November 19, 2009, a default judgment in the unlawful detainer proceeding was entered against Hills and all others in possession of the property. *Id.* Defendant Judge Kenneth Twisselman entered the judgment for ejectment on December 17, 2009, in California Superior Court, Kern County. On October 5, 2010, the Bankruptcy Court granted GMAC relief from the stay of bankruptcy in a case brought by Plaintiff Gjurovich, noting that state court judgments must be challenged through the state courts' appeals process. *Id.* At that point, Plaintiffs attempted to move the dispute to this Court.

## II.   Screening Requirement

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because this Court finds that the complaint is malicious and fails to state a claim on which relief could be granted, it dismisses it.

///

///

III.   **Pleading Standards**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

Emphasizing legal conclusions but providing minimal facts, Plaintiffs' complaint generally fails to satisfy these basic pleading requirements. Most claims consist solely of Plaintiffs' musings and legal conclusions. Because Plaintiffs primarily allege labels and conclusions, without fully alleging the facts on which they are based, the complaint generally fails to state cognizable claims. For example, Plaintiffs claim that Defendants have conspired to fraudulently used the California Courts, in violation of federal RICO statutes, to steal citizens' property, but provide no factual basis whatsoever for their assertion.

In addition, Plaintiffs set forth numerous fanciful claims, based on incorrect, incomplete, and superseded snippets of state and federal law, as well as their personal religious beliefs. In

3

particular, Plaintiffs' allegations that the government can never take its citizens' property demonstrates a profound misconception of the nature of a mortgage as a debt secured by the borrower's property.

**IV.     Claims Dismissed as a Matter of Law**

    **A.     State of California**

Plaintiffs may not sustain an action against the State of California. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied,* 503 U.S. 938 (1992). *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Industrial Insurance System*, 939 F.2d 676, 677 (9th Cir. 1991). As a result, Plaintiff's § 1983 claims against the State of California are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). Plaintiffs' federal civil rights claims against the State of California must be dismissed as a matter of law.

    **B.     California Superior Court**

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). As arms of the state, state courts are among the state agencies that are not "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, Plaintiffs' federal civil rights claims against the California Superior Court must be dismissed as a matter of law.

    **C.     Judge Twisselman**

State court judges are absolutely immune for actions taken in their judicial capacities. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir.), *cert. denied,* 547 U.S. 1192 (2006); *Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 923 (9th Cir. 2004); *Harvey v. Waldron*, 210 F.3d

4

1008, 1012 (9th Cir. 2000). *See also* 42 U.S.C. § 1983. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Accordingly, Plaintiffs' claims against Judge Twisselman, all of which arise from his presiding over the state court ejectment action, must be dismissed as a matter of law.

### D. Class Certification

In proposing that this case be granted class certification, Plaintiffs misunderstand the nature of a class action. Fed. R. Civ. Proc. 23 (a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

That the actions in question are being prosecuted *pro se* is fatal to the requirement that "the representative parties will fairly and adequately protect the interests of the class." Fed. R.. Civ. Proc. 23(a)(4). Plaintiffs are laymen who could not proceed to represent others in a class action.

> [L]aymen such as plaintiffs--who do have an absolute right to represent themselves individually–are not entitled to practice law by representing others. That absolute prohibition reflects in part the societal judgment that nonlawyers do not possess the legal training and expertise necessary to protect class interests. Over and above that the potential for conflicts of interest militate against certifying a class in which the class representative (even though a lawyer) also seeks to act as class counsel.

Harris v. Spellman, 150 F.R.D. 130, 132 n. 2 (N.D.Ill. 1993).

Plaintiffs' request for class certification must be stricken as a matter of law.

### V. Malicious Action

Although Plaintiffs have added a number of parties, as well as additional claims including federal constitutional claims, RICO claims, and claims grounded in Christian scriptures, this action is substantially the same as a prior action entitled *Alan Gjurovich v. GMAC Mortgage,*

*LLC,* 1:10-cv-01720-OWW-SMS ("*Gjurovich I*"),[1] in which Plaintiff Gjurovich attempted to remove the ejectment case (*GMAC Mortgage LLC v. Star Hills, et al.,* S-1500-CL-237061-KCT ("state court action")) from the California Superior Court, Kern County, to this Court.

In *Gjurovich I*, Gjurovich contended that removal to federal district court was appropriate in light of his bankruptcy petition (No. 10-14535-A-7), which was pending before the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court"). On October 8, 2010, this Court dismissed *Gjurovich I* for lack of jurisdiction. *Gjurovich I* (Doc. 5, October 8, 2010). Immediately following the filing of the complaint in this action, Plaintiffs filed anew a notice of removal of the state court action (Doc. 6). In this case, as in *Gjurovich I*, Plaintiff ultimately seeks to set aside the judgment of possession entered by the California Superior Court, Kern County, in November 2009.

The U.S. Bankruptcy Court for the Eastern District of California has already heard claims relating to the property in question and granted GMAC's motion for relief from stay. *Amended Findings of Fact and Conclusions of Law Re Motion of GMAC Mortgage for Relief from Stay*, Case No. 10-14535-A-7, DC No. RSS-26 (October 5, 2010). As included in the factual background discussion above, the Bankruptcy Court found that GMAC Mortgage acquired title to the property in November 2008, and timely perfected its ownership. *Id.* The Bankruptcy Court concluded that GMAC Mortgage obtained a writ of possession in an underlying state action for wrongful detainer and that Gjurovich had no interest in the property other than his continued possession. *Id.* As a result of Gjurovich's multiple case filings, under Bankruptcy Code § 362 (c) (4), no stay was in effect with regard to the property. *Id.* Any challenges to state court proceedings were not a matter for the Bankruptcy Court: Petitioner must challenge the state court judgment in the court from which the judgment arose. *Id.* Accordingly, the Bankruptcy Court authorized GMAC to proceed with its efforts to remove Plaintiffs from the property.

Plaintiffs' intent in this action is circumventing the orders of the California Superior Court and the Bankruptcy Court. Initiating a new action in the District Court is not the

---

[1] The District Court may take judicial notice of matters of public record in court proceedings. Fed.R.Evid. 201(b).

6

1  appropriate procedure to appeal orders of either a state court or the Bankruptcy Court.  Should
2  Plaintiffs wish to challenge the order lifting the stay of bankruptcy, they must follow the statutory
3  procedure for appealing the Bankruptcy Court's order.  Should Plaintiffs wish to challenge the
4  order(s) or judgment(s) of the state court, they must file an appeal with the appellate division of
5  the state court.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983);
6  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Even if the parties do not directly
7  contest the merits of the state court's decision, the *Rooker-Feldman* doctrine prohibits a federal
8  district court from exercising jurisdiction over a suit that is a *de facto* appeal of a state court
9  judgment.  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008); *Kougasian v.
10 TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th
11 Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004).

12         In addition, a "complaint that merely repeats pending or previously litigated claims may
13 be considered abusive and a court may look to its own records to determine whether a pleading
14 repeats prior claims."  *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C.Cir. 1981).  *See also Tripati
15 v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing request to review
16 another pending action and claims of fraud and racketeering by the plaintiff in the other action);
17 *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (affirming district court's dismissal as
18 frivolous of the plaintiff's claims that were duplicative of previously dismissed claims).

19         A review of the extensive history of Plaintiffs' actions, individually and collectively in
20 state court, the Bankruptcy Court, and the federal district court, leads this Court to the
21 inescapable conclusion that Plaintiffs bring this action in the absence of good faith and with the
22 sole intent of delaying and vexing the Defendants.  "A complaint plainly abusive of the judicial
23 process is properly typed 'malicious' within the context of Section 1915[(e)], which authorizes
24 dismissal of the same."  *Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D. Ind. 1983).  *See
25 also Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).   The test for maliciousness is
26 subjective and requires the court to "determine the . . . good faith of the applicant."  *Kinney v.
27 Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).  In determining a litigant's "good faith," a
28 court may consider not only the "printed words" of the complaint, but the circumstances and

history of the filing, the tone of the allegations, and the presence or absence of probative facts. *Spencer v. Rhodes*, 656 F.Supp. 458, 463 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987). A court has the inherent power to dismiss any case demonstrating a "clear pattern of abuse of judicial process." *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986). To the extent that Plaintiffs seek yet another chance to re-litigate claims that have previously been resolved against them in other actions, the claims are malicious and duplicative, and are appropriately dismissed with prejudice.

## VI. Specific Claims

### A. Due Process

Plaintiffs contend that they were denied due process of law in that their property was foreclosed without their having an opportunity to fully defend themselves. Plaintiffs allege no facts establishing that either the underlying foreclosure or the ejectment action constituted government action sufficient to support a claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Extensive federal regulation does not convert a private company into a government actor liable under § 1983. *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 56 (1999). Nor does use of a state's nonjudicial foreclosure procedure transform a financial institution into a government actor subject to § 1983. *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir.), *cert. denied*, 540 U.S. 948 (2003). *See also Nieves v. World Savings Bank, FSB*, 357 Fed. Appx. 843, 844 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 3369 (2010*)*.

To the extent that Plaintiffs intend to challenge the lender's subsequent action for a writ of possession, the Fourteenth Amendment is of no help. By the time the lender sought the writ of possession, Plaintiffs no longer owned the property. *Amended Findings of Fact and Conclusions of Law Re Motion of GMAC Mortgage for Relief from Stay*, Case No. 10-14535-A-7, DC No. RSS-26 (October 5, 2010). Plaintiffs never appealed the state court's order, choosing instead to file multiple proceedings in bankruptcy. The Bankruptcy Court found that GMAC Mortgage acquired title to the property in November 2008 and timely perfected its ownership. *Id.*

///

After recounting Plaintiffs' filing of multiple bankruptcy petitions in an effort to prevent GMAC Mortgage from gaining possession of the property, the Bankruptcy Court found that GMAC Mortgage obtained a valid writ of possession in an underlying state action for wrongful detainer and that Plaintiffs had no interest in the property other than continued possession. *See also Lake v. Central Savings Bank of Oakland*, 27 F.2d 847, 847 (9th Cir. 1928), *cert. denied*, 279 U.S. 836 (1929) (holding that, even if the state court erred in failing to acknowledge the plaintiffs' arguments regarding the validity of a trustee's deed, the court's decision granting the bank's motion for ejectment did not violate the plaintiffs' due process rights); *Allen v. Allen*, 97 F. 525 (9th Cir. 1899) (granting ejectment based on prior judgment, despite appellant's claim of fraud in underlying action, did not violate due process). Plaintiffs never appealed the Bankruptcy Court's action.

Plaintiffs raise no cognizable claim for violation of their federal rights of Due Process.

**B.     Equal Protection**

Plaintiffs allege that Defendants violated the Equal Protection Clause, which requires that persons who are similarly situated be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in either of two ways. First, a plaintiff may demonstrate that the defendant has intentionally discriminated against him based on the Plaintiff's membership in a protected class. *See, e.g, Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must establish that the defendant's discriminatory intent resulted from the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Plaintiffs do not allege membership in a protected class.

If the circumstances underlying the plaintiff's claim do not involve a suspect classification, the plaintiff may establish an equal protection claim by demonstrating that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 57 (1973). To state an equal protection claim under this theory, a plaintiff must allege that (1) the plaintiff is a member of an

identifiable class; (2) the plaintiff was intentionally treated differently than others similarly situated; and (3) there is no rational basis for the differing treatment. *Village of Willowbrook*, 528 U.S. at 564. The complaint contains no such allegations.

Because Plaintiffs present no factual allegations under either theory of Defendants' intentionally discriminating against them, their equal protection claim fails as a matter of law.

**C.      Rescission**

Plaintiffs contend that Defendants have ignored their rescission of the underlying mortgage. Plaintiffs apparently believe that declaring an actual or assumed basis to rescind the mortgage agreement is sufficient to protect their interests and forestall foreclosure or ejection. Plaintiffs are wrong. To accomplish a valid act of rescission, Hill was required to tender the full amount due to GMAC. She did not do so.

To maintain a rescission claim, Plaintiffs are required to plead their ability to tender the full amount due under the mortgage. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004). This means that a plaintiff must plead that he has paid or is prepared to pay the full amount of his indebtedness. *Abdullah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996), *cert. denied,* 519 U.S. 1081 (1997).

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984), *citing* Cal. Civ. Code § 1485; *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385 (1971). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnold Management*, 158 Calliope.3d at 580. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law & Collection Co., Inc. v. Sheridan Proctor Co.*, 40 Cal.App. 524, 525 (1919). Requiring the borrower to tender is intended to prevent courts from granting rescission only to discover that the borrower is unable to return the loan proceeds, rendering the grant of rescission meaningless. *Garza v. American Home Mortgage*, 2009 WL 188604 at *5 (E.D. Cal. January 27, 2009).

Plaintiffs have not plead their ability to tender. *Yamamoto*, 329 F.3d at 1173. To the contrary, Plaintiffs have repeatedly filed bankruptcy, thereby declaring themselves insolvent, and

10

allege in this complaint that they are unable to pay the amounts due under the mortgage. An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Savings and Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971). Plaintiffs' claim for rescission is not cognizable.

### D. Quiet Title

Plaintiffs' failure to tender the amount due to the mortgagee also precludes their prevailing on the quiet title claim. California Code of Civil Procedure § 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." The quiet title remedy "is cumulative and not exclusive of any other remedy, form or right of action, or proceeding provided by law for establishing or quieting title to property." Cal. Code Civ. Pro. §760.030.

A quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). "[A] mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable." *Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981). Unless the mortgagor discharges the debt, the cloud on his or her title cannot be removed. *Aquilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974).

### E. State Claims

In addition to the claims that this Court has addressed above, Plaintiffs seek to bring numerous state claims, some of which are identified only as claims incorporated by reference to the state court ejectment action. As previously discussed, Plaintiffs may not appeal to outcome of the state ejectment action in this Court.

Regarding those state claims raised for the first time in this lawsuit, § 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v.*

///

1  *Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert.*
2  *denied*, 454 U.S. 857 (1981).
3        Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court
4  has original jurisdiction, the district court "shall have supplemental jurisdiction over all other
5  claims in the action within such original jurisdiction that they form part of the same case or
6  controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial
7  power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under
8  1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  "The
9  district court my decline to exercise supplemental jurisdiction over a claim under subsection (a)
10 if . . . the district court has dismissed all claims over which it has original jurisdiction."  28
11 U.S.C. § 1367 (c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed
12 before trial . . . the state claims should be dismissed as well."  *United Mine Workers of Amer. v.*
13 *Gibbs*, 383 U.S. 715, 726 (1966).  Because Plaintiffs have failed to allege any cognizable federal
14 claim, this Court declines to exercise pendant jurisdiction over any state claim.
15 **X.**     **Order of Dismissal**
16      Because Plaintiffs' claims are insufficiently pled and barred as a matter of law, Plaintiffs
17 are unable to cure the deficiencies in the complaint by alleging further facts.  Accordingly,
18 granting an opportunity to amend would be inappropriate.
19      Further, the tone and nature of the complaint itself, as well as Plaintiffs' extensive trail of
20 litigation seeking to forestall their removal from the property, indicate that the Plaintiffs have
21 brought this action in an absence of good faith with the primary intent of delaying and vexing
22 Defendants.  The Court has inherent power to dismiss a case that demonstrates a "clear pattern of
23 abuse of judicial process."  *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986).  The Court may
24 also infer a lack of good faith or presence of malice from a complaint presenting untrue material
25 allegations of fact or presenting false statements made to deceive the court.  *Horsey v. Asher*, 741
26 F.2d 209, 212 (8th Cir. 1984).  Plaintiff's attempts to vex or delay alone provide sufficient
27 grounds to dismiss this action.
28 ///

Accordingly, this action is **HEREBY DISMISSED**, with prejudice.

IT IS SO ORDERED.

**Dated:   October 26, 2010**                              /s/ Lawrence J. O'Neill
                                                                   UNITED STATES DISTRICT JUDGE